**LAW OFFICE OF ARTHUR L. WEISS, P.C.**
2730 East Broadway Blvd., Suite 230
Tucson, Arizona   85716
(520) 319-9057
FAX (520) 319-9058
ASB No. 22087
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES DYMOND and JUDI DYMOND,<br><br>            Plaintiffs<br>vs.<br><br>BIG STEER ENTERTAINMENT, L.L.C., an Arizona limited liability company<br>            Defendant | Civil Action No.  CIV08-203TUC FRZ<br><br>**ANSWER** |

NOW COMES DEFENDANT and answers as follows:

1. As to paragraph 1, Defendant admits all allegations.

2. As to paragraph 2, Defendant admits all allegations.

3. As to paragraph 3, Defendant denies any allegation that Plaintiffs ever appeared at the restaurant, denies any allegation that were denied safe and equal access to the property and denies that Plaintiffs desire and intend to visit the restaurant in the future.  Defendant lacks sufficient information and knowledge to form a belief whether Plaintiffs suffer from any disease, malady, physical limitation or handicap and therefore deny any allegation thereto.

4. As to paragraph 4, Defendant denies that it is the owner of the real property and improvements that are the subject of this action.  Defendant admits that it is the operator of the restaurant "The Bum Steer."

5. As to paragraph 5, Defendant denies all allegations found therein.

6. As to paragraph 6, Defendant denies all allegations found therein.

7. As to paragraph 7, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies all allegations found therein.

8. As to paragraph 8, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies all allegations found therein.

9. As to paragraph 9, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies all allegations found therein

10. As to paragraph 10, Defendant admits all allegations found therein.

11. As to paragraph 11, Defendant denies all allegations found therein.

12. As to paragraph 12, Defendant denies all allegations found therein.

13. As to paragraph 13, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies all allegations found therein

14. As to paragraph 14, Defendant denies any allegations that will require Defendant to incur unreasonable costs or to bear an undue burden to modify.

15. As to paragraph 15, Defendant denies all allegations found therein.

16. As to paragraph 16, Defendant does not understand what a "readily achievable barrier to access" is and therefore denies all allegations found therein.

17. As to paragraph 17, Defendant Big Steer Entertainment, L.L.C. did not exist and did not operate the restaurant on January 28, 1992 and therefore had no obligation to modify the restaurant as alleged in this paragraph and therefore denies all allegations found therein.

18. As to paragraph 18, Defendant denies the allegation that Plaintiffs were obligated to retain "undersigned counsel." Defendant admits that pursuant to 42 USC §12205 attorney's fees may be awarded at the discretion of the Court to a prevailing party to an

action brought under Chapter 126.

19. As to paragraph 19, Defendant admits that this Court has the authority to grant injunctive relief under 42 USC §12188, however Defendant denies that under 42 USC §12188 this Court has the authority to close the subject facility until the alleged requisite modifications are completed.

## AFFIRMATIVE DEFENSES

Affirmatively, and so the same are not waived should information come to light to support them, Defendant asserts the affirmative defenses of accord and satisfaction, laches, statute of limitations and waiver.

WHEREFORE Defendant requests that:

A. Plaintiff take nothing under its complaint.

B. Reasonable attorney's fee incurred by Defendant in defense against this action..

C. Any other relief this Court deems just.

SUBMITTED THIS 16th day of June 2008

LAW OFFICES OF ARTHUR L. WEISS, P.C.

___/s/_____

ARTHUR L. WEISS